IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WILLIAM FLOWERS,

                       Petitioner,                          OPINION AND ORDER

    v.

                                                                               13-cv-701-wmc

LISA AVILA, Superintendent,
Sturtevant Transitional Facility,

                       Respondent.

---

Petitioner William Flowers, also known as William Von Flowers, is currently incarcerated by the Wisconsin Department of Corrections at the Sturtevant Transitional Facility. Invoking 28 U.S.C. § 2254, Flowers has filed a petition for a writ of habeas corpus to challenge a state court conviction. He has paid the $5.00 filing fee and already filed more than one supplement to his petition. In addition, Flowers has filed motions seeking (1) appointment of counsel; (2) copies of his state court transcripts; and (3) judicial notice that state officials are currently "concocting" new criminal charges against him. Finally, Flowers asks the court to intervene and stay a probation revocation proceeding that is pending against him in state court.

This case is currently before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which requires the court to either request an answer from the respondent or dismiss the petition if it plainly appears from the pleadings that the petitioner is not entitled to relief. After reviewing all of Flowers' pleadings to date, the court concludes that the petition is subject to dismissal as barred by the doctrine of procedural default, unless Flowers can show that he fits within an exception. He will be given twenty-one days to do so. Failing that, this lawsuit will be dismissed.

BACKGROUND

In addressing any *pro se* litigant's pleadings, the court must read the allegations generously. *See Haines v. Kerner*, 404 U.S. 519, 521 (1972). Based on the petition, the supplemental pleadings and electronic court records from Flowers' underlying state court proceedings, the court assumes the following facts for purposes of this order.

Flowers has a lengthy criminal record, including prior convictions for (1) second-degree sexual assault in violation of Wis. Stat. § 940.225(2)(a) in Milwaukee County Case No. F882274; and (2) second-degree sexual assault (two counts) in violation of Wis. Stat. § 940.225(2)(e) in Milwaukee County Case No. F890438. As a result of these convictions, Flowers is required to participate in Wisconsin's Sex Offender Registry Program.

In June of 2011, Flowers was charged in Dane County Case Number 2011CF1101, with failing to comply with sex offender registration requirements in violation of Wis. Stat. § 301.45(6)(a)1. Those charges were filed after Flowers was arrested for misdemeanor battery involving his girlfriend, with whom he had been "spending the night." (Dkt. # 2, at 3). During the course of investigating the battery, officers discovered that Flowers had been staying at his girlfriend's residence between April 9 and May 13, 2011, without changing his registered address, something he was required to update within 10 days of making any change. *See* Wis. Stat. §§ 301.45(2), (4).

On October 14, 2011, Flowers pled "no contest" to the charges outlined in Case No. 2011CF1101, as well as several others lodged against him in Dane County Case Nos. 2011CF1556, 2011CM1545, and 2011CM1098 for battery, disorderly conduct, victim

intimidation and multiple counts of bail jumping.[1] Other charges lodged against Flowers in Dane County Case Nos. 2011CF1777, 2011CF2081, and 2011CM1546, involving aggravated battery against an elderly person, resisting or obstructing an officer, multiple counts of disorderly conduct, battery, and multiple counts of bail jumping, were "read in" at sentencing or dismissed outright on the prosecutor's motion.[2] In December 2011, the circuit court accepted Flowers' plea of no contest and imposed a three-year term of probation with GPS monitoring, along with other conditions applicable to sex offenders.[3]

Flowers filed a post-conviction motion to withdraw his plea, which the circuit court denied following a hearing on August 14, 2012. Flowers filed a notice of appeal. In April of 2013, the Wisconsin Court of Appeals dismissed this appeal after Flowers failed to comply with

---

[1] These facts are drawn from the petition and a review of electronic court records from the Wisconsin Circuit Court Access database, available at http://wcca.wicourts.gov (last visited November 5, 2013).

[2] A "read-in" offense is one "that is uncharged or that is dismissed as part of a plea agreement, that the defendant agrees to be considered by the court at the time of sentencing . . . for the crime for which the defendant was convicted." Wis. Stat. § 973.20. *See also State v. Frey*, 2012 WI 99, ¶¶ 42-48, 343 Wis. 2d 358, 375-77, 817 N.W.2d 436, 444-45 (2012) (discussing "longstanding public policy" that authorizes a circuit court to consider the character of the defendant, including uncharged and unproven read-in offenses, when imposing sentence).

[3] A no contest plea is the equivalent of a guilty plea, and waives the right to raise nonjurisdictional defects and defenses, including claimed violations of constitutional rights. *See County of Racine v. Smith*, 122 Wis.2d 431, 434, 362 N.W.2d 439 (Ct. App. 1984) (citing *State v. Riekkoff*, 112 Wis. 2d 119, 122-23, 332 N.W.2d 744, 746 (1983) (citation omitted); *see also Hawkins v. State*, 26 Wis. 2d 443, 448, 132 N.W.2d 545 (1965) (observing "the general rule, that a plea of guilty, voluntarily and understandingly made, constitutes a waiver of nonjurisdictional defects and defenses, including claims of violation of constitutional rights prior to the plea").

3

an already extended deadline for filing a brief.[4] *See State v. Flowers*, No. 2012AP1877. The Wisconsin Supreme Court summarily denied his petition for review on September 17, 2013.

On October 7, 2013, Flowers filed the pending petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking relief from his conviction in Dane County Case No. 2011CF1101 for failure to comply with the Wisconsin sex offender registration statute. Construed generously, Flowers alleges that he is "innocent" of the charged offense because the circuit court "did not ask" him how he violated the sex-offender registration statute found at Wis. Stat. § 301.45(2). In other words, Flowers contends that the circuit court failed to develop an adequate "factual basis" to support a finding of guilt. Alleging further that he did not know that his conduct (spending "some nights over [at] [his] girlfriend's house" without updating his registered address) was unlawful, Flowers also contends that the statute of conviction, Wis. Stat. § 301.45(2), is unconstitutionally vague because it did not give adequate notice that he had an affirmative duty to update his registered address.

OPINION

**I. Flowers' Motion to Intervene and Stay a State Court Proceeding**

As an initial matter, Flowers has filed a motion for a court order staying probation revocation proceedings that are pending against him in state court. In support, he submitted a correspondence from the State of Wisconsin - Division of Hearings and Appeals, dated October 21, 2013, indicating that a final revocation hearing has been "adjourned" until November 22, 2013 (dkt. # 6), but provides no other facts about the revocation proceeding.

---

[4]These facts are drawn from the petition and a review of electronic court records from the Wisconsin Supreme Court and Court of Appeals Case Access database, available at http://wscca.wicourts.gov (last visited November 5, 2013).

Under the doctrine established in *Younger v. Harris*, 401 U.S. 37, 43-45 (1971), federal courts cannot interfere in state criminal proceedings unless extraordinary circumstances are present. While Flowers disagrees with the state's interpretation of the registration requirement, he does not show that the revocation is being sought for invalid reasons. Moreover, he is represented by the State Public Defender in those proceedings, making it apparent that he has not been denied the opportunity to raise his concerns before the administrative tribunal or the state circuit court. (*See* Dkt. # 8). Because Flowers does not otherwise demonstrate that intervention is warranted, his motion to stay or intervene will be denied.

**II. Flowers' Motions for Judicial Notice**

Flowers has filed two motions asking the court to take judicial notice pursuant to Fed. R. Evid. 201(a) that state officials are presently attempting to "concoct" or manufacture new charges against him for violating Wis. Stat. § 301.45. According to some of the grievance paperwork attached to his motion, Flowers appears to contend that a liaison officer at the Sturtevant Transitional Facility failed to help him complete a form for use in updating his address for purposes of compliance with the sex-offender registration requirements. Noting that his probation has been revoked previously for lack of compliance with § 301.45, he argues that state officials have engaged in a corrupt conspiracy to orchestrate these charges of non-compliance in violation of his civil rights, which is unlawful under 18 U.S.C. § 241.

Flowers' requests for judicial notice are without merit for several reasons. First, none of the facts outlined by Flowers are capable of judicial notice. Judicial notice is appropriate only for an "adjudicative fact" that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily

5

determined from the sources whose accuracy cannot be reasonably be questioned." Fed. R. Evid. 201(b).

Second, Flowers includes correspondence from the Department of Corrections showing that officials have accurately conveyed his current status to the Sex Offender Registry. (Dkt. # 4, Exh. 1). That registry, available at: http://offender.doc.state.wi.us (last visited November 8, 2013), shows that he is now correctly listed as "incarcerated" at the Sturtevant Transitional Facility, but this has nothing to do with his compliance with the registry requirement leading up to his renewed incarceration.

Third, to the extent that Flowers seeks criminal charges against the state officials in charge of his probation, private citizens are not entitled to an order requiring the arrest or prosecution of wrongdoers. *See Del Marcelle v. Brown County Corp.*, 680 F.3d 887, 901-02 (7th Cir. 2012) (Easterbrook, C.J., concurring) (citations omitted); *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). For all of these reasons, Flowers' request for judicial notice will be denied.

### III. Flowers' Claims are Procedurally Barred

Flowers concedes that his claims were not properly presented for adjudication on the merits in state court, which poses an assortment of obstacles for purposes of federal habeas corpus review. As a prerequisite to federal review, a federal habeas corpus petitioner must first exhaust his state remedies by fairly presenting his claims through one full round of state-court review. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). The doctrine of exhaustion serves the interests of comity between federal-state sovereigns by giving

state appellate courts a meaningful opportunity to consider and correct any alleged constitutional violation. *See Lieberman v. Thomas*, 505 F.3d 665, 670 (7th Cir. 2007). A petitioner who fails to present his claims in a procedurally proper manner deprives appellate courts of a meaningful opportunity to consider those claims and commits a procedural default that is sufficient to forfeit federal habeas review. *See Curtis v. Montgomery*, 552 F.3d 578, 582 (7th Cir. 2009) (citing *Lieberman*, 505 F.3d at 669). Moreover, if a state court's adjudication of a claim rests on an adequate and independent state procedural ground rather than on the merits of the claim, then that claim is procedurally defaulted, meaning that it is not subject to federal habeas review. *Dretke v. Haley*, 541 U.S. 386, 392-93 (2004).

Here, Flowers concedes that the Wisconsin Court of Appeals dismissed his appeal pursuant to Wis. Stat. § 809.83(2) for failure to file an appellate brief timely as required by state procedural rules. By failing to present the substance of his claims in a procedurally proper manner, he bypassed the opportunity to exhaust available state court remedies as required by 28 U.S.C. § 2254(b)(1). Because dismissal for failure to comply with procedural rules of this sort serves as an independent and adequate ground of state decision, federal habeas review is barred as the result of his default. *See Harris v. Reed*, 489 U.S. 255 (1989).

Where a procedural default has occurred, federal habeas corpus review is available only if the petitioner can demonstrate either: (1) "cause for the default and prejudice (*i.e.*, the errors worked to the petitioner's 'actual and substantial disadvantage')"; or (2) that failure to consider the defaulted claim would result in "a fundamental miscarriage of justice." *Weddington v. Zatecky*, 721 F.3d 456, 465 (7th Cir. 2013) (citing *Conner v. McBride*, 375 F.3d 643, 648 (7th Cir. 2004) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)). In this context, "cause" is defined as "an objective factor, external to the defense, that impeded the defendant's efforts to raise the

7

claim in an earlier proceeding." *Weddington*, 721 F.3d at 465 (citation omitted). Prejudice means an error which so infected the entire proceeding that the resulting conviction violates due process. *Id.* A fundamental miscarriage of justice results only where the petitioner presents evidence showing that he is "actually innocent" of the charges against him or the punishment imposed. *See, e.g., Haley*, 541 U.S. at 393.

Likely recognizing his procedural default on direct appeal, Flowers argues that federal habeas review is available because he is innocent of the offense charged in Dane County Case No. 2011CF1101. Flowers reasons that he is innocent because he lacked notice that his conduct violated the sex offender registration requirements found in Wis. Stat. § 301.45, which he further claims is unconstitutional. These allegations fall well short of meeting the fundamental-miscarriage-of-justice exception because, in this context, "actual innocence" means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998) (citing *Sawyer v. Whitley*, 505 U.S. 333, 309 (1992)).

To establish the requisite probability that he is actually innocent for purposes of overcoming a procedural default, a habeas petitioner must support his allegations with new, reliable evidence that was not presented at trial and must show that it was "more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *see also House v. Bell*, 547 U.S. 518, 537 (2006). Examples of new, reliable evidence that may establish factual innocence include exculpatory scientific evidence, credible declarations of guilt by another, trustworthy eyewitness accounts, and certain physical evidence. *Schlup*, 513 U.S. at 324. Moreover, in cases where the government has foregone more serious charges in the course of plea bargaining, a petitioner's showing of actual innocence must also extend to those charges. *Bousley*, 523 U.S. at 624.

8

Flowers establishes neither actual innocence nor cause and prejudice for his failure to present his claims properly in state court. Because procedural default is an affirmative defense,[5] Flowers was not required to show cause and prejudice or actual innocence in his petition. *See Perruquet v. Briley*, 390 F.3d 505, 515 (7th Cir. 2010). Therefore, although there appears little, if any, chance of his doing so successfully, Flowers will be allowed an opportunity to try to overcome his apparent default with additional information showing: (1) what cause he has for failing to present his defaulted claims on appeal, as well as what prejudice he will suffer as the result of his failure; and/or (2) whether a failure to review his claims will constitute a fundamental miscarriage of justice because he is actually innocent. Because any response will be considered as a "supplement" to his petition for a writ of habeas corpus, Flowers must make sure to declare that any statements contained in his response are made under penalty of perjury. 28 U.S.C. § 2242 (petition must be "signed and verified" by petitioner).

ORDER

IT IS ORDERED THAT:

1. Petitioner William Flowers' motion to intervene or stay probation revocation proceedings against him in state court (dkt. #2) and his motions for judicial notice (dkts. #4, #8) are DENIED. Flowers' motion for appointment of counsel (dkt. #2) and his request for copies of state court records (dkt. #3) are DENIED as premature.

---

[5] A court may raise an affirmative defense before requiring the respondent to answer if "it is so plain from the language of the complaint and other documents in the court's files that it renders the suit frivolous." *Gleash v. Yuswak*, 308 F.3d 758, 760-61 (7th Cir. 2002) ("Under the circumstances there was no point to serving the defendants with process, forcing them to engage counsel, and then waiting for the inevitable motion to dismiss."). The doctrine of procedural default plainly applies here, where Flowers admits that his direct appeal was dismissed due to his failure to comply with state procedural rules.

2. Petitioner is directed to show cause, if any, by responding in writing within twenty-one (21) days of the date of this order why his petition should not be dismissed as barred by the doctrine of procedural default.

3. No further action will be taken in this case until petitioner files a response to this order and the court has finished its preliminary review of the pleadings under Rule 4.  **Petitioner is advised that, if he does not respond to this order as directed within twenty-one (21) days, then this case will be dismissed for want of prosecution without further notice under Fed. R. Civ. P. 41(b)**.

Entered this 22nd day of November, 2013.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge